# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Ex Parte Application of*<br><br>Amazon.com, Inc.,<br><br>　　　　　　Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery. | C.A. No. _____ |

## EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY AND MEMORANDUM IN SUPPORT

Amazon.com, Inc. ("Amazon") respectfully requests that the Court grant Amazon leave under 28 U.S.C. § 1782 to seek discovery from Nokia Technologies Oy, Alcatel Lucent SAS, Nokia Corporation, and Nokia of America Corporation (collectively, "Nokia") for use in foreign proceedings in Germany and at the Unified Patent Court, a court that has divisions in various European states. This application is supported by the accompanying memorandum of points and authorities, the declaration of Ethan Thomas, and the declaration of Steffen Steininger. A proposed order and proposed subpoena are attached hereto.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 3

LEGAL STANDARD ................................................................................................................. 5

ARGUMENT .............................................................................................................................. 6

    I.     Statutory Requirements ................................................................................................ 6

    II.    Discretionary Factors ................................................................................................... 7

           A.    The requested discovery is outside the reach of German courts and the UPC. ........................................................................................ 7

           B.    German courts regularly receive evidence obtained via Section 1782 ..................................................................................................... 8

           C.    Amazon's request does not circumvent German or UPC proof-gathering restrictions or policies. ................................................................. 8

           D.    Amazon's request does not impose unduly intrusive or burdensome requests. .............................................................................. 10

                  1.    The burden of reproducing the Licensing Materials is minimal. ............................................................................... 10

                  2.    Amazon's proposed treatment of the Licensing Materials affords adequate protection. .......................................................... 11

    III.   Conclusion .................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re App. for Disc. for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*,
  No. 17-cv-4269, 2019 WL 168828, *13 (D.N.J. Jan. 10, 2019)............................................7, 11

*In re Biomet Orthopaedics Switzerland GmBh*,
  742 F. App'x 690 (3d Cir. 2018) ...............................................................................................7

*In re del Valle Ruiz*,
  939 F.3d 520 (2d Cir. 2019)......................................................................................................6

*In re Ex Parte Application of Apple Inc.*,
  No. MISC 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012)...............................1, 10

*In re Ex Parte Application of Gen. Elec. Co.*,
  No. 1:22-cv-91125-IT, 2022 WL 16720425 (D. Mass. Nov. 4, 2022)......................................8

*In re Germano dos Santos*, No. CV 22-1567 (ES), 2023 WL 4993673,
  at *12 (D.N.J. Aug. 4, 2023), *aff'd*, 2024 WL 1006259 (D.N.J. Mar. 8, 2024),
  *appeal docketed*, No. 24-1640 (3d Cir. Apr. 11, 2024) ............................................................6

*In re Request from Germany*,
  No. 1:23-cv-1395-GBW (D.I. 32) (D. Del. Apr. 9, 2024) ............................................... passim

*In the Matter of Certain Video Capable Electronic Devices, Including
Computers, Streaming Devices, Televisions, Cameras, and Components
and Modules Thereof*,
  Inv. Nos. 337-TA-1379, 1380...................................................................................................1

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004)............................................................................................................. passim

*INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*,
  No. 11-cv-1007-SLR, 2013 WL 1867345, at *2 (D. Del. Mar. 28, 2013),
  *report and recommendation adopted* 2013 WL 2456252 (D. Del. June 5, 2013)...................10

*IPCom GMBH & Co. KG v. Apple Inc.*,
  61 F. Supp. 3d 919 (N.D. Cal. 2014) ..................................................................................1, 10

*Kulzer v. Esschem, Inc.*,
  390 F. App'x 88 (3d Cir. 2010) .......................................................................................5, 6, 8

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Nokia Corp. v. Amazon.com, Inc.*,
    No.1:23-cv-1232-GBW (D. Del.) .................................................................................2, 3, 6

*Nokia Techs. Oy v. Amazon.com, Inc.*,
    No. 1:23-cv-1236-GBW (D. Del.) ................................................................................2, 3, 6

*Via Vadis Controlling GmbH v. Skype, Inc.*,
    No. 12-mc-193, 2013 WL 646236 (D. Del. Feb. 21, 2013).....................................................11

**STATUTES AND RULES**

28 U.S.C. § 1782............................................................................................................... *passim*

## INTRODUCTION

Through this application Amazon seeks a discrete set of licensing documents that Nokia has already produced to it in a proceeding before the United States International Trade Commission that involves both parties.[1] Amazon seeks materials related to the license agreements that grant other parties the right to practice certain Nokia patents—including patents purportedly essential to various industry standards. It does so because the royalties Nokia charges other licensees under these agreements bears on the value of the patents; the royalty, if any, to be imposed against Amazon in the Nokia-initiated foreign litigation (in Germany and at the Unified Patent Court) if Nokia prevails on liability; and Nokia's royalties to be paid under a fair, reasonable, and nondiscriminatory (FRAND) license. This is a standard use of Section 1782: federal courts routinely approve petitions to obtain discovery of license agreements for use in foreign patent litigation, including German proceedings, *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 921 (N.D. Cal. 2014), and they have previously required production of Nokia's licenses in particular, *In re Ex Parte Application of Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *3 (N.D. Cal. May 2, 2012).

Nokia would suffer *no burden* from the grant of this Section 1782 application: it need only agree that the narrow set of discovery *already produced* to Amazon in the ITC investigation be deemed as also produced for use in the German and UPC proceedings. Because Amazon's request is targeted to documents already identified and produced by Nokia, granting it will not draw this Court into ongoing disputes about scope or compliance. This request is nothing like Nokia Section 1782 application, which this Court recently denied, which sought to conduct burdensome and

---

[1] *In the Matter of Certain Video Capable Electronic Devices, Including Computers, Streaming Devices, Televisions, Cameras, and Components and Modules Thereof*, Inv. Nos. 337-TA-1379, 1380 (USITC).

1

intrusive technical discovery of source code and other sensitive materials, creating an entire collateral discovery litigation in the United States. Order at 5, 8, *In re Request from Germany*, No. 1:23-cv-1395-GBW (D.I. 35) (D. Del. Apr. 18, 2024) ("Nokia 1782 Order") (denying application because, in part, the Court was concerned Nokia was conducting "a fishing expedition to determine if it should pursue litigation against Amazon" and "Nokia's request is unduly intrusive and burdensome for Amazon" because it sought materials such as source code).

Consistent with its past representations, Amazon made every effort to resolve this issue without the Court's intervention. Amazon cannot obtain the requested documents abroad because, based on the attached sworn testimony of Dr. Steffen Steininger, the limited discovery mechanisms available in the German courts and the UPC do not allow Amazon to do so. Moreover, the ITC has issued a customary protective order limiting use of the documents to the ITC investigation only and does not entertain opposed requests for relief from such orders for foreign litigation. For over a month, Amazon sought consent to use these materials in Delaware and the proceedings Nokia initiated in Germany and the UPC. Nokia refused.

As discussed below, the three statutory factors and the four discretionary factors under *Intel* each favor granting this application, which seeks exactly the kind of straightforward relief for which Section 1782 was enacted. The Court should grant the application, permit Amazon to serve the attached subpoena on Nokia, and deem the requested materials produced in the Delaware patent litigation[2] under provisional attorneys' eyes only treatment.

As Nokia itself stated in a letter to this Court in support of its own application,[3] deadlines are soon approaching to make evidentiary submissions in the German proceedings. The same is

---

[2] *Nokia Techs. Oy v. Amazon.com, Inc.*, No. 1:23-cv-1236-GBW (D. Del.); *Nokia Corp. v. Amazon.com, Inc.*, No.1:23-cv-1232-GBW (D. Del.).

[3] Nokia Letter, *In re Request from Germany*, No. 1:23-cv-1395-GBW (D.I. 32) (D. Del. Apr. 9,

2

true for the UPC proceedings.  Amazon therefore seeks an order permitting the straightforward discovery requested through this application.

## BACKGROUND

This application is part of an ongoing, global patent dispute Nokia initiated against Amazon.  Nokia has sued Amazon in multiple jurisdictions around the world on a slew of patents—many stale and invalid—to increase its leverage in a decade-long licensing negotiation between the parties.  In addition to the two related cases before this Court addressing nearly two dozen patents,[4] there are proceedings pending in Brazil, Germany, India, the UK, the United States International Trade Commission, and the Unified Patent Court.

In proceedings in Germany and before the UPC that Nokia has filed against Amazon, deadlines for filing surrejoinders (effectively Amazon's final evidentiary submissions under the courts' case management orders) are approaching.  Declaration of Steffen Steininger ("Steininger Decl.") ¶¶ 4-6.  Amazon requires licensing agreements and related materials concerning Nokia's alleged standard essential patents and video codec patents at issue in the parties' German and UPC proceedings ("Licensing Materials") to properly defend against that litigation, particularly with regard to Amazon's FRAND defense before German courts and the UPC.  Specifically, the Licensing Materials will show what Nokia's patents are worth.  This is relevant to Nokia's requested remedies, as it will show, e.g., that Nokia's royalty requests to Amazon for patents deemed standard-essential are not fair, reasonable, and nondiscriminatory (FRAND).

Fortunately, the Licensing Materials have been requested and produced in the pending ITC investigation involving Amazon and Nokia.  *See* Declaration of Ethan Thomas ("Thomas Decl.")

---

2024).

[4] *See Nokia Techs. Oy v. Amazon.com, Inc.*, No. 1:23-cv-1236-GBW (D. Del.); *Nokia Corp. v. Amazon.com, Inc.*, No.1:23-cv-1232-GBW (D. Del.).

3

Exhibit A (document request nos. 82, 83).  On March 7, 2024, Nokia represented in an ITC hearing that it has produced all license agreements requested in discovery, as well as all responsive negotiation documents (to which some of the patents asserted in the foreign proceedings relate) that Nokia had produced in a prior investigation.  Thomas Decl. ¶¶ 5-7; Exhibit B.  Nokia further represented that it would produce any remaining licensing negotiations requested by the ITC respondents by the end of March 2024.  *Id.*  A customary, stringent protective order is in place in that case, preventing Amazon from simply using those documents abroad (or identifying and describing them with particularity in this proceeding).  But Nokia has *already produced* the documents at issue, and they are *already in Amazon's possession*.

This Court recently denied a separate Section 1782 application filed by Nokia.  Through that application, Nokia sought to conduct all its technical discovery for its German litigations against Amazon.  The discovery Nokia sought included, for example, "All Source Code for Amazon software," "All technical schematics or diagrams," and "All technical specifications" related to various aspects of Amazon Prime Video encoding and content delivery networks.  *See generally* Amazon's Letter Brief, *In re Request from Germany*, No. 1:23-cv-1395-GBW (D.I. 25) (D. Del. Jan. 30, 2024).

Amazon proposed to resolve Nokia's application without requiring an order from the Court, suggesting that "the parties [] attempt to negotiate an appropriate scope of foreign use of discovery taken in the patent litigations before this Court—one that does not involve divulging source code to competitors and sending it abroad in potential violation of export provisions. . . ."  Amazon's Letter Brief, *In re Request from Germany*, No. 1:23-cv-1395-GBW (D.I. 25 at 2) (D. Del. Jan. 30, 2024).  Amazon thus sought to do just that with respect to the Licensing Materials.  But after a month of efforts, including Nokia shuffling Amazon's requests between various Nokia

4

outside litigation counsel, Nokia refused the requested relief, and would not describe *any circumstances* under which Nokia would agree to produce the Licensing Materials, because Nokia purportedly would not obtain anything in return. Thomas Decl. ¶¶ 12-13.[5] Nokia's ITC counsel similarly has not committed to producing these documents, citing third-party confidentiality issues as a barrier to making a voluntary production. Thomas Decl. ¶ 14. Because Nokia refused such an agreement, Amazon must now seek the Court's assistance to obtain the requested discovery.

## **LEGAL STANDARD**

"Section 1782 imposes three fundamental requirements for a discovery subpoena: (1) the person from whom discovery is sought must reside in the district; (2) the discovery must be for use in proceedings before a foreign tribunal; and (3) the application can be made by either the foreign tribunal or by an interested party." *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 91 (3d Cir. 2010).

Once an applicant satisfies the three statutory factors, district courts exercise their discretion to grant the application, guided by four factors set out by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004):

1. Whether the discovery sought is within the foreign tribunal's jurisdictional reach, and therefore accessible without seeking the aid of § 1782;

2. The nature of the foreign litigation; the character of the proceedings already underway; and the foreign country's receptivity to court assistance from the U.S.;

3. Whether the § 1782 request conceals "an attempt to circumvent foreign proof-gathering limits" or other policies of the foreign country; and

---

[5] Amazon would have entertained reasonable reciprocal requests—but Nokia made none. Instead, without notice to Amazon, Nokia ran back to this Court to press it to rule quickly on Nokia's own Section 1782 petition before Amazon could file.

4.  Whether the subpoena includes unduly intrusive or overly burdensome requests.

*Kulzer v. Esschem, Inc.*, 390 F. App'x at 91.

Section 1782 applications are ordinarily filed, and often granted, on *ex parte* basis. *See In re Germano dos Santos*, No. CV 22-1567 (ES), 2023 WL 4993673, at *12 (D.N.J. Aug. 4, 2023), *aff'd*, 2024 WL 1006259 (D.N.J. Mar. 8, 2024), *appeal docketed*, No. 24-1640 (3d Cir. Apr. 11, 2024).

## ARGUMENT

This application satisfies all three statutory requirements, and the nature of the discovery sought by Amazon makes this a straightforward case warranting this Court's favorable exercise of discretion.

**I.  STATUTORY REQUIREMENTS**

*First*, Nokia "resides or is found" in this district for purposes of Section 1782. Though courts in this circuit have not squarely addressed this issue, other courts hold that the statute's "'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). Nokia Technologies Oy, Alcatel Lucent SAS, and Nokia Corporation are litigating patent disputes against Amazon[6] (and their own Section 1782 application[7]) in this district and have therefore availed themselves of the laws of the United States and this Court—at least with respect to patent litigation discovery issues. And, Nokia of America Corporation "resides or is found" in this district because it is a Delaware corporation. Discovery is appropriate from this United States–based entity as well as the foreign-based corporations, even if the foreign entities are the direct custodians of the documents. *See In*

---

[6] *See Nokia Techs. Oy v. Amazon.com, Inc.*, No. 1:23-cv-1236-GBW (D. Del.); *Nokia Corp. v. Amazon.com, Inc.*, No.1:23-cv-1232-GBW (D. Del.).

[7] *See In re Request from Germany*, No. 1:23-cv-1395-GBW (D. Del.).

6

*re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 695 (3d Cir. 2018) (Section 1782 contains "no express mandate to consider a principal-agent relationship, or whether documents being held by the subpoenaed party belong to a foreign party."). Amazon seeks leave to serve subpoenas on all four Nokia entities.

*Second*, the discovery Amazon seeks is "for use" in a foreign proceeding. Amazon seeks the discovery targeted by this application expressly for use as evidence in the German and UPC patent litigations. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 259 (Section 1782 applies to proceedings before foreign tribunal that are "pending" or "within reasonable contemplation"). Those cases are ongoing, and the Licensing Materials Amazon seeks have an obvious bearing on them, including Nokia's available remedies such as reasonable royalties.

*Third*, this application is made by an interested party, because Amazon is a named defendant in the German and UPC litigation. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 246-47 ("interested party" language under Section 1782 includes litigants before foreign tribunals, along with others); *In re App. for Disc. for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. 17-cv-4269-KM-JBC, 2019 WL 168828, at *5 (D.N.J. Jan. 10, 2019) (party to a foreign proceeding is an "interested party" within the meaning of Section 1782).

## II.   DISCRETIONARY FACTORS

Because the application clears the statutory threshold, the Court should grant the application based on the weight of the four discretionary *Intel* factors.

### A.   The requested discovery is outside the reach of German courts and the UPC.

Amazon seeks relief from this Court because it cannot obtain the Licensing Materials through German or UPC discovery procedures. In general, parties to German litigation cannot obtain compulsory party discovery to the extent requested here. Steininger Decl. ¶¶ 8-11. While German patent law provides for a specific discovery procedure for obtaining *evidence of patent*

*infringement*, the scope of that discovery is limited and not available to defendants such as Amazon. Steininger Decl. ¶ 11. Courts accordingly consider it reasonable to grant Section 1782 applications in support of German proceedings. *See Kulzer v. Esschem, Inc.*, 390 F. App'x at 92.

Similarly, Amazon is unlikely to obtain the Licensing Materials from Nokia through UPC procedures. Steininger Decl. ¶¶ 15-16. And, because Nokia filed proceedings against Amazon in the Munich Local Division of the UPC, that venue is unlikely to authorize discovery exceeding what German courts permit. *Id.* This factor weighs heavily in favor of Amazon, because this miscellaneous action is the only way to obtain the discovery sought.

### B. German courts regularly receive evidence obtained via Section 1782.

German courts regularly accept evidence obtained through a Section 1782 application, even if such discovery exceeds the restrictive contours of German litigation discovery. *See, e.g.*, *In re Ex Parte Application of Gen. Elec. Co.*, No. 1:22-cv-91125-IT, 2022 WL 16720425, *6 (D. Mass. Nov. 4, 2022); *see also* Nokia 1782 Order at 7 ("German courts have previously considered evidence obtained pursuant to § 1782."). While German courts do not impose discovery obligations on parties anywhere near what is typical in United States litigation, it does not offend German policy or the authority of German courts to introduce discovery obtained abroad through non-German legal mechanisms. Steininger Decl. ¶ 12. Though the UPC was established on June 1, 2023, and there has not yet been authority either way, the UPC (especially Local Divisions sitting in Germany) is expected be similarly receptive to Section 1782 evidence. Steininger Decl. ¶ 17. This factor weighs decisively in favor of granting the application.

### C. Amazon's request does not circumvent German or UPC proof-gathering restrictions or policies.

This factor concerns "whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules . . . ." *Kulzer v. Esschem, Inc.*, 390 F. App'x at 91.

8

This is not such a case. The narrow focus of Amazon's proposed subpoena dispels any suggestion of improper purpose. Though the specific documents Amazon seeks are unavailable through the German courts and the UPC (which is accounted for by the first factor and weighs in Amazon's favor), Amazon is not seeking to conduct broad discovery for the entire German and UPC litigation in United States courts.

Moreover, Section 1782 is available notwithstanding whether the discovery sought by the applicant is discoverable in the foreign court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 265. Nonetheless, Amazon has requested these materials through the limited discovery mechanisms available in German and UPC litigation, demonstrating that it is not using this Court because it does not prefer available German discovery procedures, but because those requests are unlikely to result in an order requiring a production from Nokia. Steininger Decl. ¶¶ 9, 16. In its order denying Nokia's application, the Court specifically faulted Nokia for not attempting "to seek any discovery from Amazon in Germany—including in the action that is already pending before that court." Nokia 1782 Order at 8.

And, unlike Nokia in its Section 1782 application, Amazon is not seeking all technical documentation relating to Nokia's patents, all source code showing video encoding and content delivery networks, and other such sweeping discovery.[8] Rather, this application is narrowly tailored to fill a specific evidentiary gap. "[T]he scope of the request is limited to a small number of documents. This helps to blunt [any potential] argument that [Amazon]'s true motive is to inappropriately use this United States litigation . . . primarily in an attempt to gain access to documents for use in the foreign proceeding in a way that flouts foreign discovery rules." *INVISTA*

---

[8] *In re Request from Germany*, No. 1:23-cv-1395-GBW (D.I. 1-7) (D. Del. Nov. 9, 2023) (proposed subpoena).

9

*N. Am. S.a.r.l. v. M & G USA Corp.*, No. 11-cv-1007-SLR, 2013 WL 1867345, at *2 (D. Del. Mar. 28, 2013), *report and recommendation adopted* 2013 WL 2456252 (D. Del. June 5, 2013). This factor favors granting the application; at worst, given the conservative approach taken with respect to discovery sought, this factor is neutral.

> **D.  Amazon's request does not impose unduly intrusive or burdensome requests.**
>
> **1.  The burden of reproducing the Licensing Materials is minimal.**

An application "pursuant to Section 1782 seeking leave to obtain copies of [a counterparty]'s license agreements for use in the German [patent litigation] proceeding" is an appropriate use of the statute. *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 921 (N.D. Cal. 2014). Indeed, in a Section 1782 application for discovery of patent licenses for use in German patent litigation, another federal court has found "that Nokia has not met its burden of persuasion that [a counterparty's] limited request for licenses and correspondence is unduly intrusive or burdensome." *In re Ex Parte Application of Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *3 (N.D. Cal. May 2, 2012). Nokia similarly experiences no burden by producing these same documents for use in the UPC. Accordingly, Amazon's requested discovery does not impose any undue burden.

Amazon is not even seeking to impose any traditional discovery burden on Nokia— much less to conduct its entire technical discovery for the German and UPC patent litigation in the United States, as Nokia does it in own Section 1782 application. *See* Nokia 1782 Order at 8-9. Instead, Amazon seeks only a discrete and easily identifiable set of documents, which Nokia already identified and produced in another proceeding involving the parties. Indeed, Amazon's proposed subpoena contains only two document requests, which mirror precisely the requests made in the ITC proceeding and in response to which Nokia produced the Licensing Materials. Thomas Decl. Exhibit A. The "burden" to Nokia to comply with the subpoena is to re-produce those documents,

10

or even to consent to Amazon treating those documents as though they have been separately produced.  *Cf. In re App. for Disc. for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. 17-cv-4269, 2019 WL 168828, *13 (D.N.J. Jan. 10, 2019) (district court properly refrained from narrowing overbroad requests: "[w]hen a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it.").

### 2. Amazon's proposed treatment of the Licensing Materials affords adequate protection.

Together with the burden considerations, the fourth *Intel* factor may counsel against granting a Section 1782 application when the discovery at issue concerns highly confidential technical information (such as source code) when confidentiality risks are not adequately mitigated.  *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-mc-193, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013) ("[A] general request for the source code and related documents places a heavy burden on Respondents. Source codes are [their] most sensitive and confidential property."). Here, Amazon seeks no such information, but Nokia's Licensing Materials relevant to the German and Unified Patent Court litigation.

German courts and the UPC have procedures to protect confidential information.  Tribunals may impose a protective order that limits disclosure of information to parties' counsel and specific, named representatives, which Nokia may seek in the foreign proceedings when the Licensing Materials are used.  Steininger Decl. ¶¶ 13, 18.  German and UPC litigation do not afford litigation materials with the equivalent of an "attorneys' eyes only" level of protection, however, because these courts treat a party's access to evidence in judicial proceedings as a right that the courts

11

cannot restrict. *Id.* The German courts' and UPC's treatment of confidential materials is sufficient protection for the Licensing Materials Amazon seeks through this application.[9]

### III. CONCLUSION

Amazon's Section 1782 application is a narrowly tailored request designed to obtain key discovery that is unavailable through German courts and the UPC while imposing minimal burden or prejudice on Nokia. This is an appropriate and judicious exercise of the statute, and Amazon respectfully asks the Court to grant the application.

April 18, 2024

*Of counsel:*
Todd R. Gregorian*
Email: tgregorian@fenwick.com
Ravi R. Ranganath*
Email: rranganath@fenwick.com
Ethan M. Thomas*
Email: ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:      415.875.2300
Facsimile:       415.281.1350

* *pro hac vice forthcoming*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Jeremy A. Tigan*
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

Attorneys for Amazon.com, Inc.

---

[9] That said, if the Court disagrees, Amazon is willing to voluntarily forgo its right to have its party representatives access the materials produced pursuant to this application, providing the best available equivalent of a United States attorneys' eyes only confidentiality mechanism. If the Court deems it necessary to grant Amazon's application, Amazon will meet and confer with Nokia to prepare a protective order that contains the equivalent of a non-disclosure agreement.