IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Ex Parte Application of*<br><br>Amazon.com, Inc.,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery. | C.A. No. _____ |

## DECLARATION OF STEFFEN STEININGER

I, Dr. Steffen Steininger, hereby declare as follows:

1. I am a German qualified attorney and a partner at the law firm of Hogan Lovells International LLP in Munich, Germany. I was admitted to practice law in Germany in 2003. I studied law at the Universities of Regensburg (Germany), Paris-X Nanterre (France) and Oxford (UK). I passed the First State Exam in Germany in 1998 and the Second State Exam in Germany in 2002. I received my doctorate in law from the University of Regensburg in 2002.

2. I work primarily in Germany as a trial lawyer in the field of patent law. I have more than twenty years of experience in German and international patent law, and work in integrated teams with patent-law experts from various countries on a regular basis. My work spans cases covering multiple areas of technology. I have litigated before all major German patent courts. In addition, I regularly participate in proceedings before the European Patent Office, the German Patent and Trademark Office, the German Federal Patent Court and the German Federal Supreme Court. I have also been involved in some of the early litigations before the Unified Patent Court ("UPC") which was established as of June 1, 2023.

3.     I make this declaration in support of the application of Amazon.com, Inc. ("Amazon") for an order pursuant to 28 U.S.C. § 1782 granting Amazon discovery for use in foreign proceedings. I have personal knowledge of the facts set forth in this declaration.

4.     Amazon and some of its affiliates are respondents to the following litigations filed by Nokia Technologies OY and its affiliate Alcatel Lucent SAS in Germany and at the UPC:

- a. Nokia Technologies Oy v. Amazon Europe Core S.à.r.l., Amazon EU S.à.r.l and Amazon.com, Inc. re. EP 2 375 749 B1, District Court Munich I, docket number 7 O 14174/23 (Deadline for surrejoinder August 2, 2024)

- b. Alcatel Lucent SAS v. Amazon Europe Core S.à.r.l., Amazon Digital UK Ltd, Amazon Digital Germany GmbH and Amazon.com, Inc. re. EP 2 399 207 B1, District Court Munich I, docket number 7 O 13903/23 (Deadline for surrejoinder November 8, 2024)

- c. Nokia Technologies Oy v. Amazon Europe Core S.à.r.l., Amazon EU S.à.r.l and Amazon.com, Inc. re. EP 2 774 375 B1, District Court Mannheim, docket number 2 O 36/24 (Deadline for surrejoinder not yet set)

- d. Nokia Technologies Oy v. Amazon Europe Core S.à.r.l., Amazon Digital UK Ltd, Amazon Digital Germany GmbH, Amazon EU S.à.r.l, and Amazon.com, Inc. re. EP 2 130 150 B1, District Court Dusseldorf, docket number 4c O 50/23 (Deadline for surrejoinder October 14, 2024)

- e. Alcatel Lucent SAS v. Amazon Europe Core S.à.r.l., Amazon Digital UK Ltd, Amazon Digital Germany GmbH, Amazon EU S.à.r.l. and Amazon.com, Inc. re. EP 2 271 048 B1 (DE 60 2009 060 343 C5), District

Court Dusseldorf, docket number 4c O 49/23 (Deadline for Surrejoinder October 14, 2024)

f. Nokia Technologies Oy v. Amazon Europe Core S.à.r.l., Amazon EU S.à.r.l and Amazon.com, Inc. re. EP 2 661 892 B1, UPC, Local Division Munich, docket number ACT_584119/2023, UPC_CFI_399/2023 (Deadline for surrejoinder August 4, 2024)

5. The current due dates for the respondents' surrejoinders are listed for each respective proceeding above. The surrejoinder is most likely Amazon's final written submission and opportunity to offer and submit evidence in each respective proceeding on FRAND without the risk of rejection by the court on grounds of delay, after which the court holds a hearing and then issues a decision.

6. According to the respective courts' schedules, Amazon is expected to file evidentiary submissions regarding FRAND issues no later than the dates of the surrejoinders; later-filed evidence could be rejected by the courts in each respective case as untimely filed. Trial for the proceeding identified in ¶ 4(a) is scheduled for September 19, 2024.

7. Through this Section 1782 application, Amazon is seeking licensing agreements and related documents concerning patents Nokia is asserting in the German and UPC litigation. These materials are evidence of the reasonable royalties actually negotiated and obtained for Nokia's asserted patents and comparable patents. They are relevant to, among other things, whether Nokia's royalty requests to Amazon are fair reasonable and nondiscriminatory (FRAND).

8. German civil procedure law does not provide for pre-trial discovery comparable to discovery available in the United States. Crucially, in principle, parties to civil litigation in Germany are limited to evidence to which they have access themselves. There is no procedural

mechanism that allows a party generally to obtain documents or other evidence in the possession of the party-opponent or a third party. The narrow exceptions to this principle likely do not apply here.

9.   In civil litigation generally, a German court can, in its discretion, order a party to the lawsuit or a third-party to provide documents in its possession under Section 142 para 1 Code of Civil Procedure (*Zivilprozessordnung*). This procedure is available for discovery of specific documents referenced in the lawsuit by a party and which are relevant for the determination of the proceedings. It is in the court's discretion to order the production of the specific document(s), and such court orders are rarely granted in patent litigation cases. In the proceeding identified in ¶ 4(a), Amazon has requested a court order under Section 142 para. 1 Code of Civil Procedure for the documents sought through this Section 1782 application, but it is not likely that this order will be granted.

10.   Further, according to Section 421 of the Code of Civil Procedure (*Zivilprozessordnung*), a party can ask the court to order the opposing party to produce specific documents in its possession necessary to prove a specific assertion if very limited specific requirements are met. These requests are also discretionary and very rarely granted in patent litigation cases in Germany.

11.   Additionally, Germany has adopted specific patent litigation discovery procedures. A patent holder can obtain production of certain documents, inspect devices or things, in the possession of an alleged infringer if the court deems it necessary to establishing the patent holder's claims of infringement. These standards are set forth in Section 140c of the German Patent Act (*Patentgesetz*). Proceedings under Section 140c of the German Patent Act may be initiated against

the alleged patent infringer to gather evidence of infringement but not against the patent holder to assert a defense—i.e., Amazon may not use these procedures to obtain discovery from Nokia.

12.   German courts regularly permit the use of evidence obtained by a party through 28 U.S.C. § 1782. Though United States discovery procedures are broader than those available in German courts, it does not offend German policy or law to use evidence obtained through United States discovery mechanisms.

13.   German courts procedures protect confidential materials used in litigation by prohibiting access of third parties. Unlike the United States, courts in German litigation do not impose confidentiality orders that restrict all party-representatives from accessing such materials, because parties are deemed to have a right to access evidence in judicial proceedings and courts may not restrict that right. To my knowledge, however, there is no legal or policy reason why a party-representative may not voluntarily abstain from viewing such confidential materials.

14.   The UPC was established less than a year ago and there is not yet established precedent on pre-trial discovery—the UPC has issued few orders, and a significant portion of these are non-public.

15.   Based on my current personal knowledge of proceedings at the UPC, the UPC Agreement ("UPCA") and the UPC's Rules of Procedure ("RoPs") envision that, as in German courts, parties to civil litigation in Germany are generally limited to evidence to which they have access. As under German procedural law, there are certain provisions that allow for exceptions to this rule if specific requirements are met, but it is likely that the Munich Local Division of the UPC (the local division in which Nokia sued Amazon) will apply similar discovery principles as courts in Germany.

16. Rule 172 para. 2 of the UPC RoP states that the UPC may at any time during the proceedings order a party making a statement of fact to produce evidence that lies in the control of that party. Rule 190 para. 1 of the UPC RoP, which is based on Art. 59 of the UPCA, says that where a party has presented reasonably available and plausible evidence in support of its claims and has, in substantiating those claims, specified evidence which lies in the control of the other party or a third party, the Court may on a reasoned request by the party specifying such evidence order that other party or third party to produce such evidence. Based on my knowledge and experience of UPC procedures in light of the limited precedent available, it is likely that the Munich Local Division of the UPC will take a similarly restrictive approach to these discretionary discovery mechanisms as the German courts. In the proceedings identified in ¶ 4(f), Amazon has requested a court order under Rule 172 para. 2 of the UPC RoP for the documents sought through this Section 1782 application, but it is not likely that this order will be granted.

17. I am not aware of UPC practices and procedures that prohibit use in the UPC of materials obtained through discovery from another jurisdiction.

18. Though no precedent appears to exist on this issue, UPC RoP 262A(6) provides that—like German courts—parties' sensitive materials are entitled to confidential protection but designated party-representatives are permitted access to those materials. To my knowledge, however, there is no legal or policy reason why a party-representative may not voluntarily abstain from viewing such confidential materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 18, 2024

_____
Steffen Steininger, PhD