AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Amazon.com, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Nokia Technologies Oy, Alcatel Lucent SAS, Nokia Corporation, and Nokia of America Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached

| Place: Electronically to jtigan@morrisnichols.com OR Morris, Nichols, Arsht & Tunnell LLP 1201 North Market Street Wilmington, DE 19899 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/18/2024

*CLERK OF COURT*

OR

_____               /s/ Jeremy A. Tigan
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Amazon.com, Inc. , who issues or requests this subpoena, are:
Jeremy A. Tigan; Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899; jtigan@morrisnichols.com; (302) 658-9200

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:24-cv-00493-UNA   Document 6   Filed 04/18/24   Page 2 of 10 PageID #: 95

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:24-cv-00493-UNA   Document 6   Filed 04/18/24   Page 3 of 10 PageID #: 96

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## ATTACHMENT A

## DEFINITIONS

1. "Nokia," "You," "Your," and "Complainant" means Nokia Technologies Oy and Nokia Corporation, including without limitation all of their corporate locations, and all predecessors, predecessors in-interest, successor companies, wholly or partially owned subsidiaries, parents, divisions and past and present affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, agents, accountants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Nokia, and others acting on behalf of Nokia.

2. "Standard" means any technical standard created, authorized, controlled, and/or developed privately or unilaterally by cooperation, consortium, regulatory body, government, or standards setting organization, including but not limited to the International Organization for Standardization ("ISO"), European Telecommunications Standards Institute ("ETSI"), the International Electrotechnical Commission ("IEC"), International Telecommunications Union ("ITU"), and/or 3rd Generation Partnership Project ("3GPP").

3. "Standard Setting Organization" or "SSO" means any organization that creates, authorizes, and/or develops technical standards, including but not limited to ISO, IEC, ITU, ETSI, and/or 3GPP.

4. "Relevant Standard" means one or more of the standards identified as Advanced Video Coding (AVC), H.264, ISO/IEC 14496-10, High Efficiency Video Coding (HEVC), H.265, and ISO/IEC 23008-2, including any versions thereof.

5. "Essential" or "Essentiality" when used in connection with a technology standard or a patent shall have the meaning given to it by the relevant patent or intellectual property rights

policy of the Standard Setting Organization responsible for that standard.

6. "RAND" means reasonable and non-discriminatory and "FRAND" means fair, reasonable and non-discriminatory ("FRAND"). Such terms shall be construed interchangeably, and the use of one rather than the other shall not be a basis for limiting a response. Both terms shall mean reasonable and non-discriminatory as those terms are used in the intellectual rights policy of the applicable SSO.

7. The "'818 patent" means U.S. Patent No. 7,724,818, entitled "Method for Coding Sequences of Pictures," including any corrections, reexaminations, or applications thereof.

8. The "'714 patent" means U.S. Patent No. 10,536,714, entitled "Method for Coding and an apparatus," including any corrections, reexaminations, or applications thereof.

9. The "'267 patent" means U.S. Patent No. 11,805,267, entitled "Motion Prediction in Video Coding," including any corrections, reexaminations, or applications thereof.

10. The "'991 patent" means U.S. Patent No. 8,077,991, entitled "Spatially Enhanced Transform Coding," including any corrections, reexaminations, or applications thereof.

11. The "'321 patent" means U.S. Patent No. 8,050,321, entitled "Grouping of Image Frames in Video Coding," including any corrections, reexaminations, or applications thereof.

12. "Asserted Patents" means each and any of the '818 patent, the '714 patent, the '267 patent, the '991 patent, and the '321 patent. The term "Asserted Patents" includes each patent individually and all combinations and sub-combinations of the patents collectively.

13. "Related Patent(s)" shall include, whether or not abandoned and whether or not issued, (a) any patent or patent application that claims priority to any of the Asserted Patents or that shares the same specification, (b) any patent or patent application that claims priority from any patent or patent application on which any of the Asserted Patents claims priority, (c) any patent

or patent application on which any of the Asserted Patents depends for priority, (d) any patent or patent application identified in the "Related U.S. Application Data", which is the section of a patent that indicates whether the patent or patent application is related to any other patent or patent application, for any of the Asserted Patents, (e) any patent or patent application that claims priority from any patent or patent application identified in the Related U.S. Application Data for the Asserted Patents, (f) any patent or patent application identified in a terminal disclaimer filed during the prosecution of any of the Asserted Patents, (g) any reissue, reexamination, or *inter partes* review of any of the aforementioned patents or patent applications, and (h) any foreign counterpart patent or foreign counterpart application of any of the Asserted Patents or the aforementioned patents or patent applications (a foreign counterpart patent and foreign counterpart application shall include any foreign patent or foreign patent application in which a claim for priority has been made in either a U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical), including those foreign counterparts listed in the Complaint in *In the Matter of Certain Video Capable Electronic Devices, Including Computers, Streaming Devices, Televisions, Cameras, and Components and Modules Thereof*, Inv. Nos. 337-TA-1379, 1380 (USITC).

14. The term "Nokia-SEP" shall mean a patent or patent application which Nokia believes is or may become Essential to one or more of the Relevant Standards or which Nokia has declared as Essential or potentially Essential to one or more of the Relevant Standards.

15. The singular form of each word shall be interpreted in the plural as well.

16. The words "and," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each Interrogatory or other discovery request in which they are used.

3

17. The words "any" and "all" shall be construed to mean "any and all."

18. The words "each" and "every" shall be construed to mean "each and every."

19. The word "including" and every variant thereof shall be construed to mean "including, without limitation."

## INSTRUCTIONS

1. The subpoena served upon you commands you to produce all responsive documents and things in your possession, custody, or control, including your attorneys, agents, representatives, or employees.

2. Pursuant to Rule 45(d)(1) Federal Rules of Civil Procedure, you are to provide documents and things responsive to this subpoena as they are kept in the ordinary course of business, or you may organize and label the documents and things to correspond with the categories set forth below.

3. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

5. File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

6. Documents attached to each other shall not be separated.

7. Should you seek to withhold any document based on some limitation of discovery (including a claim of privilege), supply a list of the documents for which limitation of discovery

is claimed, indicating:

> a. The identity of each document's author, writer, sender, or initiator;
>
> b. The identity of each document's recipient, addressee, or person for who it was intended;
>
> c. The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;
>
> d. The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and
>
> e. The claimed grounds for limitation of discovery (e.g., "attorney-client privilege").

8. If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document must be identified.

9. To the extent permitted and authorized by law, these document requests shall be deemed continuing and require supplemental responses and production if you obtain additional documents between the time of initial production and the time of hearing or trial.

## DOCUMENT REQUESTS

1. All documents relating to any licenses or agreements concerning patents comparable to one or more of Asserted Patents, Related Patents, and Nokia-SEPs, including any

licenses or agreements that include the right to practice such comparable patents, stipulations not to assert such comparable patents, or any other agreement granting any right under or relating to such comparable patents, and documents relating to the negotiation of any such license or agreement..

        2.     All licenses or agreements entered into with any licensee to one or more Asserted Patents, Related Patents, and Nokia-SEPs, including any documents that reflect, refer, or relate to the licenses, including any drafts or proposed terms of such licenses, and all communications related to the same.