IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Ex Parte Application of<br><br>Amazon.com, Inc.,<br><br>　　　　　　　　Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782<br>Granting Leave to Obtain Discovery. | CA No.: 24-493 (GBW) |

**MOTION TO QUASH IMPROPER SUMMONS AND SERVICE OF PROCESS**

**I.      Introduction.**

Amazon.com, Inc. ("Amazon") attempted to serve process on Nokia of America Corporation ("Nokia")[1] with a summons that encloses an *ex parte* application but no complaint. Use of a summons in not appropriate for this type of application, and the purported service and summons should be quashed. This is not some mere technicality. A summons is used for the start of a civil action, but this proceeding is properly considered a miscellaneous action and lacks many the fundamental features of a civil action. Use of a summons creates potential confusion over issues that do not apply in the context of a Section 1782 application, such as the purported threat of default contained in the summons, despite there being no civil claim against which an answer or other responsive pleading could be prepared.

---

[1] Amazon's *ex parte* application notes that it seeks to serve a subpoena on three other Nokia entities based outside the United States, specifically Nokia Technologies Oy, Nokia Corporation, and Alcatel Lucent SAS. However, Amazon did not have a summons issued for these three entities, and there is no indication that Amazon has attempted to serve them or even notify them directly of this proceeding.

1

Rule 4 applies to the initiation of a civil action and requires that a summons must be served with a copy of a *complaint*. Fed. R. Civ. P. 4(c)(1). Here, Amazon is not seeking to start a civil action against Nokia, yet it purported to serve a summons with no complaint. Amazon's *ex parte* application under Section 1782 ("Amazon's *Ex Parte* Application") is not a complaint, which is a well-defined pleading that initiates a civil action that seeks one or more civil remedies against a defendant. Amazon's *Ex Parte* Application does not initiate a civil action, did not name a defendant, and does not seek any civil remedy from any defendant. Thus, it cannot satisfy the Rule 4 requirements for valid service of process.

Rule 4 does not govern a petition merely seeking Court approval to serve a Section 1782 subpoena.  If such an *ex parte* petition is granted, the resulting subpoena should be served following the usual processes for a subpoena, and the recipient maintains the right to object to and move to quash that subpoena, including on basis of defects in the original 1782 application. A summons is particularly inappropriate because it threatens the imposition of a default, which does not make sense in the context of a 1782 application for approval to serve a subpoena. The form summons at issue here, states: "[i]f you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint," which is inconsistent with a recipient's rights to object or otherwise respond to the ultimate subpoena. Any purported entry of default or default judgment would interfere with this right to ultimately oppose a validly served subpoena, which at this time has merely been requested under Section 1782, not authorized by the Court. The lack of a complaint would create a domino chain of potential procedural problems if the summons were allowed to stand.  For example, there are no rules or procedures for preparing a responsive pleading to a non-pleading.

For these reasons and as explained below, Nokia moves the Court to quash the summons and Amazon's purported service of process of a non-complaint. After the Court resolves this motion to quash, Nokia respectfully requests the opportunity to be heard on the substance of Amazon's *Ex Parte* Application via an appropriate briefing schedule. Nokia also reserves all rights to respond to any eventual subpoena. In the meantime, it is not proper for Amazon to serve an invalid summons, threaten default judgment, and create other potential procedural confusion in this type of *ex parte* proceeding.

**II.     Legal Standards.**

Under the Federal Rules of Civil Procedure, Rule 4 requires that "a summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).  When no complaint is included with the summons in a service pack, courts routinely grant motions to quash. *See Brokenbrough v. Capitol Cleaners & Launderers Inc.*, 2014 U.S. Dist. LEXIS 1119, at *4, *6 (D. Del. Jan. 6, 2014); *see also Holland v. 9F Inc.*, 2023 U.S. Dist. LEXIS 229428, at *7 (D.N.J. Dec. 27, 2023) (finding improper service of process for failure to include proper complaint with summons). Under Rule 3, "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. Rule 3. A document that lacks any allegations of wrongdoing or any demand for a recognized civil remedy – and thus does not present a civil action as defined by Black's Law Dictionary – is not a complaint. *See Harris v. Romero*, 2022 U.S. Dist. LEXIS 224170, at *4 (D. Ariz. Dec. 12, 2022).  "[A] miscellaneous docket… encompasses those matters that are ancillary and supplementary proceedings not defined as civil actions." *In re Scranton Hous. Auth.*, 436 F. Supp. 2d 714, 718 (M.D. Pa. 2006) (internal quotations omitted) (citing *In re 4330 N. 35th St.*, 142 F.R.D. 161, 163 (E.D. Wis. 1992)), *vacated on other grounds*, 487 F. Supp. 2d 530 (M.D. Pa. 2007).

**III.    Argument.**

    **A.    Amazon's Attempted Service of Process Was Defective and Should be Quashed.**

Rule 4 requires that "a summons must be served with a copy of the *complaint*." Fed. R. Civ. P. 4(c)(1) (emphasis added).  When no complaint is included with the summons in a service pack, courts routinely grant motions to quash. *Brokenbrough*, 2014 U.S. Dist. LEXIS 1119, at *4, *6 (granting motion to quash when there was no complaint included with summons in an attempted service of process); *see also Holland v. 9F Inc.*, 2023 U.S. Dist. LEXIS 229428, at *7 (D.N.J. Dec. 27, 2023) (finding improper service of process for failure to include proper complaint with summons). Amazon's *Ex Parte* Application is not a complaint and does not satisfy the requirement that service of process include a complaint. It has none of the distinguishing features of a complaint and does not satisfy the requirements of Rule 4 for service of process. Accordingly, the Court should quash Amazon's attempted service of process.

In *Brokenbrough*, the plaintiff filed a complaint initiating a civil action against a defendant but failed to include the complaint in the service pack with the summons. *See id.*  The Court keyed on the strict necessity of a complaint being included for sufficient service of process. Because the plaintiff in *Brokenbrough* did not include a complaint with the summons, the Court granted the motion to quash. *See id.* Here, Amazon also did not include a complaint with the summons when it attempted service. Thus, this is ineffective service under the plain language of Rule 4, and cannot trigger any threat of a default, the primary consequence for failing to respond to a summons.

A complaint is specifically defined by the Federal Rules of Civil Procedure and by case law. Amazon's *Ex Parte* Application does not satisfy the recognized definition of a complaint and, therefore, does not satisfy the requirement for a complaint to be included with the summons

4

in a service pack. Rule 3 defines a complaint in term of its initiation of a civil action: "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. Rule 3. In contrast, Amazon's *Ex Parte* Application does not commence a civil action. *See, e.g., Harris v. Romero*, 2022 U.S. Dist. LEXIS 224170, at *4 (D. Ariz. Dec. 12, 2022) (dismissing a purported complaint because it lacked any allegations of wrongdoing or any demand for a recognized civil remedy and thus did not present a civil action as defined by Black's Law Dictionary) (citing Civil Action, Black's Law Dictionary (11th ed. 2019) ("An action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation."); *United States v. Searcy*, 880 F.3d 116, 124 (4th Cir. 2018) (finding a proceeding not to be a civil action based on Black's Law Dictionary definition). This is not, however, a proper "civil action" as contemplated by Rules 3 and 4. Under the accepted definition of a civil action, Amazon's *Ex Parte* Application does not provide the necessary functions of a proper complaint and would be best classified as a miscellaneous action, which is distinct from a civil action. As courts in this circuit have recognized, "a miscellaneous docket… encompasses those matters that are ancillary and supplementary proceedings *not defined as civil actions*." *In re Scranton Hous. Auth.,* 436 F. Supp. 2d 714, 718 (M.D. Pa. 2006) (internal quotations omitted) (emphasis added) (citing *In re 4330 N. 35th St.*, 142 F.R.D. 161, 163 (E.D. Wis. 1992)), *vacated on other grounds,* 487 F. Supp. 2d 530 (M.D. Pa. 2007); *see also Sellman v. United States*, 2013 U.S. Dist. LEXIS 169428, at *4 (S.D. Ind. Dec. 2, 2013) ("A miscellaneous action is distinguished from a civil action…. The miscellaneous action is designed for proceedings that do not otherwise qualify as a civil action, or that require a district or magistrate judge's ruling."). In further contrast to a civil action, "*ex parte* proceedings, by definition, are taken or granted at the instance and for the benefit of one party only, and *without notice to, or contestation by, any person adversely interested*." *Fuller v.*

*Johnson*, 114 F.3d 491, 502 (5th Cir. 1997) (citing Black's Law Dictionary 576 (6th ed. 1995) (emphasis added) (internal quotations omitted).

Amazon's petition also lacks many required elements of complaint. Rule 8 requires "a pleading that states a claim for relief must contain: … a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). And Rule 10 requires a complaint to have a caption with a case title, requires that the "title of the complaint must name all the parties," and requires that a complaint must state its claims "in numbered paragraphs." Fed. R. C. P. 10(a)-(b). In contrast, Amazon's *Ex Parte* Application does not include:

- Any claim for relief against Nokia,
- A "short and plain statement of the claim showing that [Amazon] is entitled to relief" from Nokia,
- Any "demand for relief" from Nokia,
- Any contain numbered paragraphs, or
- Any naming of Nokia as a party anywhere, let alone in the case title.

*See* D.I. 1.

Finally, case law provides additional guidance regarding what constitutes a complaint, not satisfied here. A complaint must provide "the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under the Rule's requirement of notice pleading, defendants in all lawsuits must be given notice of specific claims against them." *Anderson v. U.S. Dept. of Housing and Urban Development*, 554 F.3d 525, 528 (5th Cir. 2008). "If the complaint lacks facts necessary to put a defendant on notice of what conduct supports the plaintiff's claims against it, the complaint is inadequate to meet the notice pleading standard. The complaint must not only name the laws which the defendant has allegedly violated, but also allege facts about the conduct that violated those laws." *Lampkin v. UBS Painewebber, Inc.*, 238 F. Supp. 3d 799, 813-14 (S.D. Tex. 2017)

(citing *Anderson,* 554 F.3d at 528). Here, Amazon's *Ex Parte* Application does not even begin to do anything of these things that a complaint is required to do. It does not notify Nokia of any claims against it, and it does not name any laws which Nokia has allegedly violated.

For all these reasons, Amazon's *Ex Parte* Application is not a complaint as defined by the Federal Rules, and the inclusion of Amazon's *Ex Parte* Application in Amazon's service pack does not satisfy the requirement that a complaint must accompany a summons for effective service of process under Rule 4.[2] Because Amazon did not include a complaint with its summons, the Court should grant this motion and quash Amazon's purported service.

### B. Nokia's Continuing Right to Respond to any Later-Authorized Subpoena is Inconsistent with a Threat of Default.

If a Court grants authorization to serve a subpoena based an *ex parte* 1782 application, and the respondent is then served with the subpoena, that respondent maintains the right to object to and move to quash that subpoena on basis of defects in the original 1782 application. Because Amazon's *Ex Parte* Application does not seek any relief against Nokia, the purported threat of an entry of default or default judgment would interfere with Nokia's recognized right to ultimately oppose any eventual subpoena. The main purposes of service of process under Rule 4 are to provide notice to the defendant, establish personal jurisdiction over the defendant, and provide for a default judgment process if the defendant does not respond to a validly issued summons. But in the 1782 context, notice is achievable with courtesy copies, and the jurisdictional considerations are different because there are no claims being asserted against defendants, just a

---

[2] In contrast to Amazon's approach here, Nokia Technologies Oy and Alcatel Lucent SAS served Amazon with courtesy copies of its 1782 application simply to provide notice to Amazon. They did not request a summons from the Court, nor include one with its courtesy copies. They served those copies on Amazon's registered agent as a reliable service method to ensure Amazon received notice of that *ex parte* proceeding. *See In re Ex Parte Application of Nokia Technologies Oy and Alcatel Lucent SAS*, No. 1:23-cv-01395-GBW, D.I. 1, pg. 1, n.3.

7

potential subpoena. In that context, procedures like responsive pleadings, answers, defaults, or a default judgments all have no established meaning and would only serve to confuse the nature of the 1782 proceedings. Accordingly, it would be improper to apply the Rule 4 service of process to 1782 *ex parte* proceedings.

As courts have recognized, "orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, 2016 WL 1161568, at *2 (N.D. Cal., Mar. 24, 2016); *In re Ex Parte Qualcomm Inc.*, 2018 U.S. Dist. LEXIS 136660, at *3-4 (N.D. Cal. Aug. 13, 2018). Many courts prefer that 1782 applicants provide notice of their *ex parte* applications to the discovery targets so that they can be heard. *See, e.g., In re Republic of Kazakhstan,* 2020 U.S. Dist. LEXIS 64436, at *2 (S.D.N.Y Apr. 13, 2020) (ordering a 1782 applicant to serve notice of their 1782 application to the subpoena target in order to give the subpoena target an opportunity to be heard on the application). But there is no recognized procedure for summoning these discovery targets and threatening them with default. *See In re Hyo-Seob Oh*, 2023 U.S. Dist. LEXIS 206243, at *13-14 (N.D. Tex. Nov. 17, 2023) (questioning but not deciding whether a "miscellaneous action under Section 1782 implicates service under Rule 4"). A simple notice procedure has many benefits, but improperly summoning non-parties and purporting to establish jurisdiction over them when there are no claims pending against them would only confuse issues. Therefore, Amazon's summons and service of process should be quashed.

After the Court resolves this motion to quash, Nokia respectfully requests the opportunity to be heard on the substance of Amazon's *Ex Parte* Application via an appropriate briefing schedule. Nokia also reserves all rights to respond to any eventual subpoena. But it is not proper for Amazon to serve an invalid summons and threaten default judgment in this type of *ex parte* proceeding.

**IV.  Conclusion.**

Nokia respectfully requests that the Court grant this Motion and such further relief as the Court deems just and proper.

Dated: May 16, 2024

OF COUNSEL:

Ryan W. Koppelman
Alston & Bird LLP
350 S. Grand St. 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
ryan.koppelman@alston.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE  19801
Telephone: 302-777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Nokia