IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Ex Parte Application of* <br><br> Amazon.com, Inc., <br><br> Applicant, <br><br> For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 24-493 (GBW) <br> ) <br> ) <br> ) <br> ) <br> ) |

**NOTICE OF NON-OPPOSITION BY AMAZON.COM, INC.
TO NOKIA OF AMERICA CORPORATION'S MOTION TO QUASH**

District courts routinely grant applications to take discovery in support of foreign proceedings under Section 1782 *ex parte*. *See In re Germano dos Santos*, No. CV 22-1567 (ES), 2023 WL 4993673, at *12 (D.N.J. Aug. 4, 2023), *aff'd*, 2024 WL 1006259 (D.N.J. Mar. 8, 2024), *appeal docketed*, No. 24-1640 (3d Cir. Apr. 11, 2024); *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012). An applicant need not serve, or even provide notice to, the party from whom it seeks discovery. *See Gushlak*, 486 F. App'x at 217; *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).

In this case, Amazon.com, Inc. ("Amazon") served Nokia of America Corporation ("Nokia") with its Section 1782 application as a courtesy, solely to provide it notice of the application. (D.I. 8.) Rather than seek to intervene in this action or oppose Amazon's application, Nokia moved to quash the summons. (D.I. 9 ("Mot.").) Nokia's motion will have no effect on this proceeding, because neither service of the application nor issuance of a summons was ever required.[1] Amazon therefore does not oppose the relief sought by Nokia's motion. However,

---

[1] Nokia purports to seek relief because "no complaint [wa]s included with the summons in [the] service pack" (Mot. at 4), even though Nokia acknowledges that this is a miscellaneous action that "is not a complaint" (*id.*). Nokia's authorities do not support its position, because in those

because Nokia has had actual notice of Amazon's application for weeks without attempting to intervene or file any other form of opposition, the application should now be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Todd R. Gregorian
Ravi R. Ranganath
Ethan M. Thomas
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300

May 28, 2024

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Amazon.com, Inc.*

---

cases, "the plaintiff filed a complaint" and "failed to include the complaint in the service pack with the summons." (*Id.*) And although Nokia argues that "Amazon's petition also lacks many required elements of complaint" (*id.* at 6), that should not be surprising because this is not a civil action. Amazon has not moved, or indicated it would move, for default in this proceeding as Nokia suggests. (*Id.* at 7-9).

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 28, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Nokia Technologies Oy, Alcatel Lucent SAS, Nokia Corporation, and Nokia of America Corporation* | *VIA ELECTRONIC MAIL* |
| Ryan W. Koppelman, Esquire<br>ALSTON & BIRD LLP<br>350 S. Grand St., 51st Floor<br>Los Angeles, CA  90071<br>*Attorneys for Nokia Technologies Oy, Alcatel Lucent SAS, Nokia Corporation, and Nokia of America Corporation* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)