# EXHIBIT C

# UNITED STATES
# INTERNATIONAL TRADE COMMISSION

```
In the Matter of:                    )
                                     )
CERTAIN VEHICLE TELEMATICS,          )   Investigation No.
                                     )
FLEET MANAGEMENT, AND                )   337-TA-1393
                                     )
VIDEO-BASED SAFETY SYSTEMS,          )
                                     )
DEVICES, AND  COMPONENTS THEREOF     )
```

Pages:   1 through 24

Place:   Washington, D.C.

Date:    May 15, 2024

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 206
Washington, D.C.  20005
(202) 628-4888
contracts@hrccourtreporters.com

1

```
 1              UNITED STATES INTERNATIONAL TRADE COMMISSION
 2                            Washington, D.C.
 3              BEFORE THE HONORABLE DORIS JOHNSON HINES
 4                         Administrative Law Judge
 5
 6   In the Matter of:                  )
 7   CERTAIN VEHICLE TELEMATICS,        )   Investigation No.
 8   FLEET MANAGEMENT, AND              )   337-TA-1393
 9   VIDEO-BASED SAFETY SYSTEMS,        )
10   DEVICES, AND  COMPONENTS THEREOF   )
11
12
13                            Remote Hearing
14                   International Trade Commission
15                          500 E Street, S.W.
16                            Washington, D.C.
17                       Wednesday, May 15, 2024
18
19            CASE MANAGEMENT CONFERENCE - REMOTE
20
21        The conference commenced remotely, pursuant to
22   notice of the Judge, at 1:00 p.m. Eastern.
23
24   Reported by:  Lisa C. Nagy-Baker, FAPR, RDR, CRR
25
```

```
 1   APPEARANCES:
 2          ** All parties appearing remotely **
 3
 4      For Complainant Samsara Inc.:
 5             KARTHIK RAVISHANKAR, ESQ.
 6             Kirkland & Ellis LLP
 7             1301 Pennsylvania Avenue, N.W.
 8             Washington, D.C. 20004
 9
10             JOSEPH A. LOY, ESQ.
11             Kirkland & Ellis LLP
12             601 Lexington Avenue
13             New York, New York 10022
14
15      For Respondent Motive Technologies, Inc.:
16             AAMIR A. KAZI, ESQ.
17             NOAH C. GRAUBART, ESQ.
18             Fish & Richardson P.C.
19             1180 Peachtree Street SE, Suite 2100
20             Atlanta, GA 30309
21
22
23
24
25
```

```
 1   APPEARANCES (Continued):

 2

 3        For the Office of Unfair Import Investigations:

 4              MEGAN WANTLAND, ESQ.

 5              ANNE GOALWIN, ESQ.

 6              U.S. International Trade Commission

 7              500 E Street, S.W.

 8              Washington, D.C. 20436

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   they've asked for.  And so counsel referred to Slack, but
2   that's not what their ESI stipulation seeks in its entirety.
3   They asked for picture messages, SMS and MMS picture
4   messages.  We don't really see what the relevance of that
5   is.
6            Counsel referred to assessing a value.  I'm
7   not sure what specific aspect of an ITC litigation
8   the value of these features would really be relevant to.
9   Counsel referred to secondary considerations.  I think
10   that's a reference to some type of copying allegation, but
11   just yesterday Samsara filed a brief in this investigation
12   that said that there were no allegations of copying in this
13   case; so we don't really see what the relevance is.  All we
14   can do is infer based upon the way the stipulation is
15   structured.
16            And what the stipulation says is that there's
17   this expansive discovery until whichever custodians Samsara
18   elects -- that could be our CEO; it could be anybody, not
19   just the engineers -- they're entitled to expansive
20   discovery from those custodians, and they could use it in
21   their other cases.
22            While we're amenable to focus discovery on
23   issues that matter in this case, what we're adamantly
24   opposed to is using the ITC to perform discovery for other
25   cases that are co-pending right now between the parties on

1   other disputes that are not patents, and because we don't
2   really know why these issues are relevant -- they haven't
3   explained them to us in any way that really passes muster --
4   all we can do is infer that the purpose of seeking this
5   discovery here is to then go use it in another case or
6   conduct informal discovery for another case, and that's just
7   not appropriate for discovery in the ITC.
8              JUDGE JOHNSON HINES:  All right.  Ms.
9   Wantland, is there anything for you to add?
10             MS. WANTLAND:  Your Honor, in discussions
11  between the parties, more of this part of the dispute did
12  come out during yesterday's follow-up call; and there really
13  is a question as to, you know, in the first instance, is
14  stuff like Slack used by the Respondent and its employees,
15  and should that be part of it?  Is that reasonable within
16  the scope of discovery here at the ITC?
17             I think some of those initial questions need
18  to be asked, and maybe there is some sort of middle ground
19  with identifying custodians; what are the sources that they
20  regularly use.  Going farther than that would maybe be
21  unduly burdensome under our rules.  I think there are still
22  some initial questions that the Staff is not clear on in
23  terms of the sources of regular use by both parties.
24             JUDGE JOHNSON HINES:  Okay.  Thank you.
25  That's helpful.  I agree; this does sound premature.

1   I think the parties should continue to meet and
2   confer on the scope of any ESI.
3           One thing I do want to make clear, it was
4   mentioned in the letters, and, Mr. Kazi, you mentioned it
5   just now, was with respect to use in other cases.  The
6   protective order in this investigation prohibits that, and
7   so I want to be clear that I will not sign an amendment to
8   the protective order to allow cross-use in other pending
9   cases.
10          The parties would violate the protective
11  order in this case if they agreed to the kind of
12  cross-use that Mr. Kazi was at least, I believe,
13  implying might be done.  Is that understood, Mr.
14  Ravishankar?
15          MR. RAVISHANKAR:  Understood, Your Honor.
16  That's very helpful.
17          JUDGE JOHNSON HINES:  Mr. Kazi?
18          MR. KAZI:  Yes, Your Honor; understood.
19          JUDGE JOHNSON HINES:  On the issue of ESI
20  and the relevance and scope, what is going to be searched, I
21  think the parties should go back and continue to meet and
22  confer on that.  And if specific disputes come up, then you
23  can raise them later.  I will hear them.
24          MR. RAVISHANKAR:  Understood. Your Honor,
25  on that subject, given the pace of this case, one thing that

1  we would respectfully ask, particularly given that your
2  guidance today has really helped anchor some of these
3  issues, is whether we can either send you a letter or send
4  correspondence with all parties on non-ex parte
5  correspondence prior to a monthly CMC in case there's an
6  impasse that we think your guidance would be helpful on.
7              JUDGE JOHNSON HINES:  Yes.  If I didn't
8  mention that at the preliminary conference, I certainly
9  meant to because I will do that to keep things moving along.
10 I'm not guaranteeing that I will have a conference, but I
11 will certainly consider the letters and consider one in
12 advance of a regularly-scheduled conference if I'm able to
13 do that, and I think the issues warrant that.
14             MR. RAVISHANKAR:  Thank you, Your Honor.
15             JUDGE JOHNSON HINES:  Is there anything
16 else we should discuss today.  Mr. Ravishankar?
17             MR. RAVISHANKAR:  Nothing from Complainant.
18             JUDGE JOHNSON HINES:  Mr. Kazi?
19             MR. KAZI:  No, Your Honor.
20             JUDGE JOHNSON HINES:  Ms. Wantland?
21             MS. WANTLAND:  Nothing from Staff, Your
22 Honor.
23             JUDGE JOHNSON HINES:  Thank you for your
24 time.  We're adjourned.
25             (Whereupon, at 1:29 p.m., the case management