## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Ex Parte Application of*<br><br>Amazon.com, Inc.,<br><br>    Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery. | CA No.: 1:24-493 (GBW) |

## DECLARATION OF TIM SMENTKOWSKI

I, Tim Smentkowski, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney-at-law admitted to practice in Germany. I am a Counsel with the law firm of Arnold Ruess and represent Nokia Technologies Oy and Alcatel Lucent SAS (collectively "Nokia") in their patent infringement disputes against Amazon.com, Inc. and its affiliates in Germany and the Unified Patent Court ("UPC").

2.      I have personal knowledge of the facts set forth herein, unless stated otherwise, and I make this declaration in support of Nokia of America Corporation's Motion to Vacate and Quash.

3.      I have extensive experience with the procedural rules, including rules about requesting evidence from an adverse party, in the courts of Germany. I also have experience and expertise with the procedural rules and rules about requesting evidence from an adverse party of the UPC, which is a new court established on 1 June 2023. I make this declaration based on my personal knowledge, legal and factual research that I have conducted or that was conducted under my supervision.

4.      I have reviewed Amazon's subpoena issued through its Section 1782 application (hereinafter, the "1782 subpoena"), which includes requests for license agreements as well as

1

additional licensing materials.

5.      Based on my review of the 1782 subpoena, Amazon has requested an overlapping set of documents in its 1782 subpoena as compared to its requests before the Munich and Mannheim Regional Courts in the German Proceedings and before the Unified Patent Court in the UPC Proceeding.

6.      In the German proceedings, Amazon requested that Nokia Technologies be ordered to produce (i) the approximately 100 H.264/AVC and H.265/HEVC licenses that Nokia Technologies Oy had identified to Amazon in the course of negotiations as well as (ii) all other licenses pertaining inter alia to Nokia's video coding portfolio.

7.      Nokia Technologies Oy was willing to produce licenses that Nokia Technologies Oy had identified to Amazon in the course of negotiations, consisting of approximately 100 H.264/AVC and H.265/HEVC licenses. On 7 June 2024, Nokia Technologies Oy thus voluntarily requested a court order from the Munich Regional Court for disclosure of those approximately 100 H.264/AVC and H.265/HEVC licenses as well as sales data for certain of those licenses. In the Mannheim Regional Court proceeding, Nokia's deadline to reply to Amazon's statement of defense and make such disclosure requests ends on 16 August 2024.

8.      The Munich Regional Court has issued orders to produce those approximately 100 H.264/AVC and H.265/HEVC licenses and sales data for certain of those licenses on 10 and 24 June 2024 and at the same time has rejected Amazon's request as to any additional licenses that Amazon requested. English machine translations of the relevant orders are attached as **Exhibits A and B**.

9.      By submission of 28 June 2024, Nokia Technologies Oy then disclosed the approximately 100 licenses and sales data for certain of those licenses to Amazon in the proceeding before the Munich Regional Court.

10.     Amazon filed an immediate appeal against the rejecting decision of the Munich Regional Court. The Munich Regional Court rejected the immediate appeal as inadmissible. An English machine translation of the decision dated 4 July 2024 is attached as **Exhibit C**. The final

decision will be made by the Munich Appeal Court. In a parallel case between Nokia and HP, the Munich Appeal Court had recently rejected such immediate appeal against a virtually identical rejecting decision of the Munich Regional Court as inadmissible as well.

11.   In the UPC proceeding, Amazon likewise requested that Nokia Technologies Oy be ordered to produce (i) the approximately 100 H.264/AVC and H.265/HEVC licenses that Nokia Technologies Oy had identified to Amazon in the course of negotiations as well as (ii) all other licenses pertaining inter alia to Nokia's video coding portfolio.

12.   In the UPC proceeding, Nokia Technologies Oy was again willing to produce licenses that Nokia Technologies Oy had identified to Amazon in the course of negotiations, consisting of approximately 100 H.264/AVC and H.265/HEVC licenses. To this end, on 3 June 2024, Nokia Technologies Oy likewise has voluntarily requested a court order from the UPC for disclosure of those approximately 100 H.264/AVC and H.265/HEVC licenses as well as sales data for certain of those licenses.

13.   In response, the UPC issued an order on July 12, 2024. The UPC order is attached as **Exhibit D**. The UPC order states that Amazon's requests for disclosure of license agreements are unlikely to be successful at present. Ex. D item I.1. In that order, the UPC asked Amazon to state whether Amazon wanted to continue adhering to its current disclosure requests and advised Amazon that it should also take into account that [Nokia Technologies Oy], for its part, has submitted disclosure requests itself and appears willing in principle to submit license agreements. Ex. D item I.2. In its order, the UPC stated its view that in the court's experience, the undifferentiated disclosure of more than 100 license agreements is generally not expedient and not always relevant for the decision on the merits. Ex. D item I.2. Therefore, the UPC suggested that the parties reach a consensus on the license agreements to be submitted in direct negotiations. Ex. D item I.2.

14.   Apart from the license agreement requests above, Amazon did not request Nokia Technologies Oy be ordered to produce any other licensing communications before either the Munich or Mannheim Regional Courts or the UPC.

15.     The documents Amazon has requested in its 1782 subpoena contain the confidential business information and trade secrets of Nokia Technologies Oy, Nokia Corporation, and the third party licensees.

16.     The German courts and the UPC do not have the same confidentiality and protective order measures as in the United States. In Germany and the UPC, there is a right for documents filed with the court to be accessible by at least one natural person from each party. Therefore, a court cannot impose an attorney-eyes-only restriction unless the parties explicitly agree.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of July, 2024, in Düsseldorf, Germany.

Tim Smentkowski