# EXHIBIT D



# Munich - local divison

English machine translation

# UPC_CFI_399/2023
# ACT_584119/2024
# Provisional Order
# of the Court of First Instance of the Unified Patent Court,
# issued on: 12/07/2024

PLAINTIFF

**Nokia Technologies Oy**, Karakaari 7 - 02610 - Espoo - FI

represented by:  Tim Smentkowski, Arnold Ruess, Düsseldorf

DEFENDANTS

1) **Amazon Europe Core S.à r.l.** , 38 avenue John F. Kennedy - L-1855 - Luxembourg - LU

2) **Amazon EU S.à r.l.** , 38 avenue John F. Kennedy - L-1855 - Luxembourg - LU

3) **Amazon.com, Inc**, 410 Terry Avenue North - WA 98109-5210 - Seattle - US

represented by:  Steffen Steininger, Hogan Lovells, Munich

PATENT AT ISSUE
EP 2 661 892

TYPE OF PROCEDURE
Action for infringement

COURT
Panel 2 of the Munich local divison (U. Voß, D. Voß, W. Schober)

DECIDING JUDGE
This order was issued by Judge Daniel Voß as rapporteur.

ORDER

I.

Notice to the Defendants on the disclosure requests in the Statement of Defense Part II

1. The Defendants are advised that the disclosure request submitted with the Statement of Defense Part II is currently unlikely to be successful.

   There are already doubts as to whether the request is sufficiently specific. It may be that the Plaintiff knows which specific license agreements are hidden behind the letters in the tables AR 36, AR 42 and AR 46. However, the information is so general that the Plaintiff could submit any contracts as long as they meet the few conditions listed in the tables, so that an enforcement of an order and also a legal defense of the Defendants would not be reasonably possible.

   It should be added that R.190 (1) RoP - the relevant legal basis for the request here - allows an order for the production of evidence <u>in support of a party's claims</u> upon request. However, the Defendants do not rely on the disclosure for the reasons of their own claims or defenses. Instead, they rely on the allegation that the Plaintiff would so far not have substantiated the standard license fee claimed by it and would refers to license agreements to support its submission, which Plaintiff would however not disclose.

2. Against this background, the Defendants shall inform the court whether they adhere to their disclosure requests in Part II of the statement of defense. In doing so, they should also take into account that the Plaintiff, for its part, has submitted disclosure requests and appears willing in principle to submit license agreements. In this respect, it is also suggested once again that the parties reach a consensus on the license agreements to be submitted in direct negotiations. In the court's experience, the undifferentiated disclosure of more than 100 license agreements is generally not expedient and not always relevant for the decision on the merits.

3. The Defendants will be given the opportunity to comment within a period of two weeks. If this period differs from the period generated in the CMS system, the period specified in this order shall apply.

   If the Defendants intend to adhere to their disclosure requests (in amended form), they are requested to submit them in a separate workflow on Rule 190 RoP. The requests are currently located in the statement of defense, where they were only noticed late.

II.

Notes to the Plaintiff on the requests under C. in the brief of April 3, 2024

1. The Plaintiff's requests for production and protection of secrets in section C of the brief dated April 3, 2024 cannot be complied with in the form submitted.

a) Insofar as the licensees of the Plaintiff have consented to the submission of license agreements in the court proceedings, there is no longer any need for a disclosure order. The request is unlikely to be successful in this respect. The Plaintiff may submit these agreements and file related motions pursuant to Rule 262a RoP to the extent it deems necessary. <u>The corresponding workflow is to be used for this purpose.</u> The Plaintiff submitted the disclosure requests and the related secrecy protection requests within a workflow concerning other documents in accordance with Rule 262a RoP. In order not to overload this workflow and make it confusing, a separate workflow should be set up if the applications are maintained. However, the secrecy protection requests for disclosure requests are currently undefined. It remains completely unclear which license agreements are meant and how they should be determined. Above all, it is not up to the court to pick out the designations, documents and the like from the annexes.

b) Insofar as the licensees of Plaintiff have not consented to the submission of license agreements, a disclosure order is currently under consideration. For the reasons stated above, the submission order is currently completely vague. Specific license agreements are not mentioned. It is also not the court's task to collect these from the annexes. In addition, it should in any case be required that the Plaintiff names the licensees. Without a more detailed specification of the license agreement by contractual partner and date of conclusion of the agreement, a submission should not be ordered. If there are concerns regarding the protection of confidentiality, such a request can also be made as part of an application under Rule 262a RoP. However, it should be noted that conditional motions such as the one in the brief dated June 6, 2024 are unlikely to be successful. A confidentiality order for license agreements yet to be submitted is out of the question.

2. The Plaintiff is given the opportunity to comment within a period of two weeks. If this period differs from the period generated in the CMS system, the period specified in this order shall apply.

   To the extent Plaintiff wishes to respond with amended requests for production and/or confidentiality, it is requested to do so in a separate workflow.

ORDER DETAILS

Order No. ORD_41449/2024 in PROCEEDINGS NUMBER: ACT_584119/2023 UPC number: UPC_CFI_399/2023

| Type of action: | Action for infringement | |
|---|---|---|
| No. of the associated proceedings | Not available | Not available |
| Not available | | Not available |